# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| ALFRED H. LEMUS, JR., | Case No. **1:15-cv-01392-LJO-JLT (PC)** |
|---|---|
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS TO DISMISS COMPLAINT WITH PREJUDICE FOR FAILURE/INABILITY TO STATE A CLAIM AND IMPOSE A STRIKE PER 28 U.S.C. §1915(g).** |
| v. | |
| KINGS COUNTY SHERIFF OFFICE/JAIL, et al., | **(Doc. 1)** |
| Defendants. | **30-DAY DEADLINE** |

Plaintiff complains that he did not receive legal documents that the lawyer for his criminal case had delivered to him. (Doc. 1.) Plaintiff seeks monetary damages for the loss of those documents, which he describes as irreplaceable and completely exculpatory of the criminal charges against him. (*Id.*) For the reasons discussed herein, Plaintiff fails and is unable to state a cognizable claim under 42 U.S.C. § 1983 such that this action should be **DISMISSED** with prejudice.

**I. Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). A complaint or portion thereof in which a prisoner raises claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief must be dismissed. 28 U.S.C. §

1

1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989). To state a claim under § 1983, a plaintiff must meet two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 1245 (9th Cir. 1987).

### A.  **Summary of the Complaint**

Plaintiff alleges that the attorney defending him in his criminal action had some legal documents delivered to him, which he never received. (Doc. 1.) Plaintiff alleges that Clerks Vivian and Judy Leoni were grossly negligent when they lost those documents. (*Id.*, p. 3.) He alleges that Sheriff David Robinson and Commander Kim Pedreiro dictate and regulate all policies and procedures within the Kings County Jail and that they bear the responsibility for the negligence of Vivian and Judy. (*Id.*) Plaintiff alleges that Deputy Vicky Hernandez is in charge of the mail area." (*Id.*) Plaintiff alleges that the envelope with the documents clearly identified Plaintiff and were confirmed received. (*Id.*, at p. 4.) Plaintiff states that the loss/handling of his legal documents violate the policies and procedures for handling legal mail that is received at the Kings Counry Jail, "which falls under Sheriff David Robinson and Commander Kim Pedreiro appointed responsibility." (*Id.*) Plaintiff seeks monetary damages.

Plaintiff may be able to pursue his allegations under state law, but as discussed in greater detail below, they do not rise to the level of a cognizable claim under § 1983 such that this action should be **DISMISSED** with prejudice.

### B.  **Pleading Requirements**

#### 1. Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

exceptions," none of which applies to section 1983 actions. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555. Factual allegations are accepted as true, but legal conclusions are not. *Iqbal.* at 678; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009); *Twombly*, 550 U.S. at 556-557.

While "plaintiffs [now] face a higher burden of pleadings facts . . . ," *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), the pleadings of *pro se* prisoners are still construed liberally and are afforded the benefit of any doubt. *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989), "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982), and courts are not required to indulge unwarranted inferences, *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969. Plaintiff must identify specific facts supporting the existence of substantively plausible claims for relief, *Johnson v. City of Shelby*, __ U.S. __, __, 135 S.Ct. 346, 347 (2014) (per curiam) (citation omitted).

///

**II.     Analysis**

      **A.     Plaintiff's Claims**

           **1. Due Process**

Authorized, intentional deprivations of property are actionable under the Due Process Clause. *See Hudson v. Palmer*, 468 U.S. 517, 532, n. 13 (1984); *Quick v. Jones*, 754 F.2d 1521, 1524 (9th Cir. 1985). However, the Due Process Clause is violated only when the agency "prescribes and enforces forfeitures of property without underlying statutory authority and competent procedural protections," *Nevada Dept. of Corrections v. Greene*, 648 F.3d 1014, 1019 (9th Cir. 2011) (citing *Vance v. Barrett*, 345 F.3d 1083, 1090 (9th Cir. 2003)) (internal quotations omitted). There is no cause of action under 42 U.S.C. § 1983 for an unauthorized deprivation of property, either intentional or negligent, by a government employee if a meaningful state post-deprivation remedy for the loss is available. *Hudson*, 468 U.S. at 533. California law provides an adequate post-deprivation remedy for any property deprivations. *Barnett v. Centoni*, 31 F.3d 813, 816-817 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895). Here, Plaintiff admits that the acts, whether intentional or negligent, by Clerks Vivian and Judy which resulted in the loss of his legal documents, violated Kings County Jail's policies and procedures. Thus, he has no action under the Due Process Clause for the loss of the legal documents that his attorney had delivered to him.

           **2. Equal Protection**

"To state a § 1983 claim for violation of the Equal Protection Clause a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-67 (9th Cir. 2005) (citation and quotations omitted). "The first step in equal protection analysis is to identify the [defendants' asserted] classification of groups." *Id.* (quoting *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1187 (9th Cir.1995)). The groups must be comprised of similarly situated persons so that the factor motivating the alleged discrimination can be identified. *Id.* An equal protection claim will not lie by "conflating all persons not injured into a preferred class receiving better treatment" than the plaintiff. *Id.* (quoting *Joyce v. Mavromatis*, 783 F.2d 56, 57 (6th Cir.1986)).

If the action in question does not involve a suspect classification, a plaintiff may establish an equal protection claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *San Antonio School District v. Rodriguez*, 411 U.S. 1 (1972); *Squaw Valley Development Co. v. Goldberg*, 375 F.3d 936, 944 (9th Cir.2004); *Sea River Mar. Fin. Holdings, Inc. v. Mineta*, 309 F.3d 662, 679 (9th Cir. 2002). To state an equal protection claim under this theory, a plaintiff must allege that: (1) the plaintiff is a member of an identifiable class; (2) the plaintiff was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment. *Village of Willowbrook*, 528 U.S. at 564. Further, to establish a violation of the Equal Protection Clause, the prisoner must present evidence of discriminatory intent. *See Washington v. Davis*, 426 U.S. 229, 239-240 (1976); *Serrano v. Francis*, 345 F.3d 1071, 1081-82 (9th Cir. 2003); *Freeman v. Arpio*, 125 F.3d 732, 737 (9th Cir. 1997).

Plaintiff fails to state any information to show his membership in a protected class. He does not show that he was treated differently from others similarly situated. He does not show any discriminatory intent on the part of any of the named defendants. Thus, he does not state a cognizable Equal Protection claim.

### 3. Search and Seizure -- *Heck* bar

The Fourth Amendment protects individuals from illegal search and seizure. Plaintiff alleges that the loss of his legal documents amount to an illegal search and seizure under the Fourth Amendment. Plaintiff further alleges that those documents contained "exculpatory evidence in the form of hand written 'letters' along with [his] documents and legal paperwork that were discarded/lost, this evidence directly opposed [his] guilt and exonerated [him] of all allegations. This loss is very detrimental and crippling to [his] case in proving [his] innocence, the evidence lost cannot be replaced."

However, the Fourth Amendment is not implicated under the circumstances alleged -- that an envelope of documents was received by jail personnel who then lost, misplaced, or destroyed it. The Fourth Amendment protects the right of the people to be secure in their persons, houses,

papers, and effects, against unreasonable searches and seizures -- without warrants that are based on probable cause. "[T]he fourth amendment *does not* protect an inmate from the seizure and destruction of his property." *Taylor v. Knapp*, 871 F.2d 803, 806 (9th Cir. 1989) (emphasis added). "This does not mean a prisoner is without redress; it simply means a prisoner's form of redress is through the fifth and fourteenth amendments." *Id.*

Further, to the extent that the allegedly "seized" documents relate to the pending criminal case against Plaintiff and to the extent he claims he suffered a criminal conviction as a result for which he seeks redress in this action, *Heck* bars this claim. *See Szajer v. City of Los Angeles*, 632 F.3d 607, 611-12 (9th Cir. 2011) (*Heck* applies to Fourth Amendment claims) (citing *Whitaker v. Garcetti*, 486 F.3d 572, 583-84 (9th Cir. 2007) (section 1983 challenge to "search and seizure of the evidence upon which [defendants'] criminal charges and convictions were based barred by *Heck*) and *Harvey v. Waldron*, 210 F.3d 1008, 1015 (9th Cir. 2000) (claim "alleging illegal search and seizure of evidence upon which criminal charges are based does not accrue until the criminal charges have been dismissed or the conviction has been overturned.") (*overruled in part on other grounds by Wallace v. Kato*, 549 U.S. 384, 393-94, 127 S.Ct. 1091 (2007))). Plaintiff fails to allege or show that the criminal charges have been dismissed or the conviction has been overturned, which bars Plaintiff from bringing any such claims under § 1983. Thus, Plaintiff's allegations that he never received the legal documents his attorney had delivered to him do not state a cognizable claim under the Fourth Amendment.

### 4. Supervisory Liability

It appears that Plaintiff named Sheriff David Robinson, Commander Kim Pedreiro, and Deputy Vicky Hernandez as defendants in this action because they hold supervisory positions.

Generally, supervisory personnel are not liable under section 1983 for the actions of their employees under a theory of *respondeat superior.* Rather, there must be allegations supporting a direct causal link between the supervisor and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 based on a theory of supervisory liability, Plaintiff must facts that would

1    support a claim that supervisory defendants either: personally participated in the alleged

2    deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or

3    promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of

4    constitutional rights' and is 'the moving force of the constitutional violation.'" *Hansen v. Black*,

5    885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045

6    (9th Cir. 1989).  Under section 1983, liability may not be imposed on supervisory personnel for

7    the actions of their employees under a theory of *respondeat superior*.  *Iqbal*, 556 U.S. at 677.  "In

8    a § 1983 suit or a *Bivens* action - where masters do not answer for the torts of their servants - the

9    term 'supervisory liability' is a misnomer." *Id.*

10        The Supreme Court has rejected liability on the part of supervisors for "knowledge and

11   acquiescence" in subordinates' wrongful discriminatory acts. *Ashcroft v. Iqbal*, 556 U.S. 662,

12   677 (2009) ("[R]espondent believes a supervisor's mere knowledge of his subordinate's

13   discriminatory purpose amounts to the supervisor's violating the Constitution.  We reject this

14   argument.")  However, "discrete wrongs – for instance, beatings – by lower level Government

15   actors . . . if true and if condoned by [supervisors] could be the basis for some inference of

16   wrongful intent on [the supervisor's] part." *Iqbal*, 556 U.S. at 683.  Further, the Ninth Circuit

17   recently held that where the applicable constitutional standard is deliberate indifference, a

18   plaintiff may state a claim for supervisory liability based upon the supervisor's knowledge of and

19   acquiescence in unconstitutional conduct by others. *Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011).

20   It is under this rubric that the traditional and still valid elements of supervisor liability within the

21   Ninth Circuit are properly analyzed.  Thus, Plaintiff's allegations that Sheriff David Robinson,

22   Commander Kim Pedreiro, and Deputy Vicky Hernandez are somehow liable because their

23   subordinates violated Plaintiff's rights are not cognizable.

24        **5.  State Law Claims**

25        Plaintiff may be able to pursue this action under California law in state court.  However,

26   the Court is unable to adjudicate the state law claims absent federal jurisdiction.

27   **III.   CONCLUSION**

28        Plaintiff's Complaint fails to state a cognizable claim under federal law against any of the

named Defendants.  Given the nature of Plaintiff's allegations, the deficiencies in Plaintiff's pleading are not capable of being cured through amendment, *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012), and Plaintiff should not be given leave to amend his section 1983 claims.

Accordingly, the Court RECOMMENDS that this entire action be dismissed with prejudice and that this dismissal count as a strike for purposes of 28 U.S.C. §1915(g).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  **Within 30 days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. Nov. 18, 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 2, 2016**           /s/ Jennifer L. Thurston
                                     UNITED STATES MAGISTRATE JUDGE